UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID WINDER,

Plaintiff,

v.

OSCAR HEALTH, INC., OSCAR HEALTH PLAN OF NEW YORK, INC., OSCAR HEALTH AGENCY INC., WILL DUNHAM, AND DAVID BYTTOW,

Defendants

Civil Action No. 1:25-cv-02733-JMF

**DECLARATION OF WILLIAM DUNHAM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

I, WILLIAM M. DUNHAM, affirm pursuant to 28 U.S.C. § 1746, and under penalty of perjury that the following is true and correct, and I understand that this document may be filed in an action or proceeding in a court of law:

1. I am currently employed as Senior Employment Counsel for Oscar Management Corporation ("OMC") and make this declaration in that capacity and in support of Defendants' Motion to Dismiss the Complaint.

2. I have worked for OMC since January 2022 in the same role of Senior Employment Counsel.

3. In my role, I provide legal counsel primarily to OMC's People Team (OMC's human resources department) and, as needed, to other business units on employment law related issues.

4. I currently reside in Sherborn, Massachusetts, and have resided there continuously throughout my employment with OMC.

5. The only time I resided in the State of New York was on a part-time basis during my undergraduate studies at Cornell University between 1997 and 2002. I did not change my

permanent residence to New York at any time, and I have not resided in New York at any time since graduating from Cornell.

6. I am only licensed to practice law in the state of Massachusetts.

7. I perform my work remotely from my home in Massachusetts.

8. I do not own property in New York, and I do not maintain an office in New York and do not conduct regular or continuous business in New York.

9. My travel to New York State during my employment at OMC has been extremely limited and only for brief, occasional business purposes. In total, I have traveled to OMC's New York office approximately eight times in the past four years, including four times since January 2024. These visits were for large-group meetings such as annual People Team meetings, semi-annual Director Plus meetings, and annual Corporate Legal Team meetings.

10. None of my visits to New York were related to Plaintiff or Plaintiff's employment.

11. I have not engaged in regular communications with individuals located in New York regarding Plaintiff's employment.

12. To the best of my recollection, I did not discuss Plaintiff's FMLA leave or the termination of his employment with anyone in New York prior to the inception of this dispute.

13. I have only met Plaintiff in person one time, in Arizona.

14. I participated in two virtual meetings with Plaintiff regarding accommodations for other individuals on Plaintiff's team. These meetings did not concern Plaintiff's employment or any employment decisions about Plaintiff, including the termination of Plaintiff's employment.

15. I did not make or participate in any decisions regarding Plaintiff's hiring, discipline, compensation, benefits, performance reviews, promotions, transfer, or termination.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

paragraphs are true and correct.

Dated: 12/26/2025

Signed by:
Will Dunham
B139DB659F3E460...

William M. Dunham