UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

DAVID WINDER,

Plaintiff,

-against-

OSCAR HEALTH, INC., OSCAR MANAGEMENT CORPORATION, WILL DUNHAM, and DAVID BYTTOW,

Defendants.

---------------------------------------------------------------x

Case No. 1:25-CV-08297 (JMF)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DAVID BYTTOW'S MOTION FOR DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT**

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT DAVID BYTTOW*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

*Attorney of Record*:

David S. Greenhaus, Esq.

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................................ 1

POINT I: STANDARD OF REVIEW ........................................................ 2

POINT II: PLAINTIFF FAILS TO STATE A CLAM OF DISCRIMINATION UNDER THE NYCHRL AGAINST INDIVIDUAL DEFENDANT BYTTOW. ........................................................ 3

A. The Amended Complaint Fails to Include Allegations Sufficient to Demonstrate Individual Liability Against Byttow ........................................................ 4

1. There Are No Allegations That Byttow Personally Engaged In Any Discriminatory Conduct ........................................................ 4

2. Plaintiff Alleging Byttow Was His "Manager" Is Insufficient To Sustain a Claim Under The NYCHRL ........................................................ 5

B. Plaintiff Fails to Allege He Suffered Adverse Action As A Result Of Any Conduct By Byttow ........................................................ 6

CONCLUSION ........................................................ 7

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ... 2

Ayers v. Bloomberg, L.P., 203 A.D.3d 872 (2d Dep't 2022) ... 6

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ... 2

Chang v. New York City Bd. of Educ., No. 16-CV-2373, 2016 U.S. Dist. LEXIS 139897 (E.D.N.Y. Oct. 7, 2016) ... 3

Doe v. Bloomberg, L.P., 36 N.Y.3d 450 (2021) ... 3

Everett v. New York City Dep't of Educ., No. 21-CV-7043, 2023 U.S. Dist. LEXIS 154059 (S.D.N.Y. Aug. 31, 2023) ... 3

Feingold v. New York, 366 F.3d 138 (2d Cir. 2004) ... 3

Gurley v. David H. Berg & Assocs., No. 20-CV-9998, 2022 U.S. Dist. LEXIS 20546 (S.D.N.Y. May 23, 2023) ... 3, 4, 5

Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349 (S.D.N.Y. 2012) ... 5

Smith v. AVSC Int'l, Inc., 148 F. Supp. 2d 302 (S.D.N.Y. 2001) ... 6

Verne v. N.Y.C. Dep't of Educ., No. 21-CV-5427, 2022 U.S. Dist. LEXIS 180299 (S.D.N.Y. Sept. 30, 2022) ... 3

White v. Pacifica Foundation, 973 F. Supp. 2d 363 (S.D.N.Y. 2013) ... 5

Zach v. E. Coast. Restoration & Constr. Consulting Corp. No. 15-CV-0007, 2015 U.S. Dist. LEXIS 138334 (S.D.N.Y. Oct. 7, 2015) ... 5, 6

**Statutes**

Federal Rules of Civil Procedure 12(b)(6) ... 1, 2

New York City Human Rights Law ... *passim*

## PRELIMINARY STATEMENT

Individual Defendant David Byttow ("Byttow") joins in, adopts and incorporates by reference the pending Motion to Dismiss, and arguments set forth in the Memorandum of Law, filed on behalf of Defendants Oscar Health, Inc., Oscar Health Management and Will Dunham (the "Oscar Defendants"). (See Dkt. Nos. 16, 17, 18, 19). Byttow, by and through his attorneys, Jackson Lewis P.C., respectfully submits this Memorandum of Law in Support of the Motion to Dismiss the Amended Complaint filed by the Oscar Defendants on February 11, 2026. (See Dkt. Nos. 16, 17, 18, 19). Byttow also respectfully requests the Amended Complaint be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

Byttow submits this Memorandum of Law only to supplement the Oscar Defendants' well argued brief to highlight one additional discrete argument under the New York City Human Rights Law ("NYCHRL") as it relates to Byttow. Plaintiff cannot establish that Byttow is individually liable for discrimination under the NYCHRL. Plaintiff fails to allege any facts to suggest Byttow actively participated in discriminatory conduct that led to the termination of his employment.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Byttow respectfully refers the Court to the Motion to Dismiss filed by the Oscar Defendants (See Dkt. Nos. 16, 17, 18, 19) and accompanying affirmation of David S. Greenhaus, Esq. for a full recitation of the relevant facts and procedural history.[1]/

---

[1]/ For purposes of this motion only, Byttow accepts the factual allegations set forth in Plaintiff's Amended Complaint as true. The Amended Complaint is attached to the Accompanying Affirmation of David S. Greenhaus as Exhibit A, and is hereinafter referred to as "Am. Compl."

## POINT I

## STANDARD OF REVIEW

In analyzing the sufficiency of the Amended Complaint in connection with a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, this Court must be guided by the United States Supreme Court's opinions in Twombly and Iqbal. These cases govern the pleading standard "in all civil actions and proceedings in the United States District Courts." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint is plausible on its face, the court first must ferret out and disregard all legal conclusions, labels, formulaic recitations of elements, and conclusory statements. Id. at 678; Twombly, 550 U.S. at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not [survive]." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678. The court next must determine whether the remaining factual allegations, if taken as true, set forth facts sufficient to allege each element of a claim, and establish a plausible claim for relief. Id. at 679. Determining whether a complaint contains sufficient facts to state a plausible claim for relief is a context-specific task that requires the reviewing court to draw on judicial experience and common sense. Id.

## POINT II

## PLAINTIFF FAILS TO STATE A CLAM OF DISCRIMINATION UNDER THE NYCHRL AGAINST INDIVIDUAL DEFENDANT BYTTOW.

Plaintiff brings discrimination claims under the NYCHRL against Byttow.[2]/ Plaintiff's allegations are insufficient to establish a claim upon which relief can be granted for the following reasons, in addition to those which the Oscar Defendants argued in their motion to dismiss.

Under the NYCHRL, employees only incur liability for their "own discriminatory conduct, for aiding and abetting such conduct by others, or for retaliation against protected conduct." Verne v. N.Y.C. Dep't of Educ., No. 21-CV-5427, 2022 U.S. Dist. LEXIS 180299, at *48 (S.D.N.Y. Sept. 30, 2022)(citing Doe v. Bloomberg, L.P., 36 N.Y.3d 450, 459 (2021)); see also Feingold v. New York, 366 F.3d 138, 158 (2d Cir. 2004) (individual liability may exist under NYCHRL only where a defendant actually engaged in discriminatory acts); Gurley v. David H. Berg & Assocs., No. 20-CV-9998, 2022 U.S. Dist. LEXIS 20546, at *22-23 (S.D.N.Y. May 23, 2023)(dismissing discrimination claim for failure to allege the individual defendant participated in the alleged discriminatory firing).

To state such a claim, a plaintiff must plausibly allege the defendant took an adverse action motivated by discriminatory intent. See Everett v. New York City Dep't of Educ., No. 21-CV-7043, 2023 U.S. Dist. LEXIS 154059, at *41 (S.D.N.Y. Aug. 31, 2023) (dismissing NYCHRL claims for failure to allege conduct was motivated by race). The individual defendant must have had "direct, personal involvement in the alleged discriminatory conduct." Chang v. New York City Bd. of Educ., No. 16-CV-2373, 2016 U.S. Dist. LEXIS 139897, at *7-8 (E.D.N.Y. Oct. 7, 2016)

---

[2]/ With respect to Byttow, Plaintiff alleges only direct liability, not aiding and abetting liability.

(dismissing the plaintiff's NYCHRL claims because she did not plead any facts regarding personal involvement as to the individual defendants). Here, Plaintiff fails in particular to allege discriminatory personal involvement as to Byttow.

### A. The Amended Complaint Fails to Include Allegations Sufficient to Demonstrate Individual Liability Against Byttow.

#### 1. There Are No Allegations That Byttow Personally Engaged In Any Discriminatory Conduct.

Here, Plaintiff has not explicitly alleged any facts indicating Byttow actually participated in or incited any discriminatory conduct. Rather, Plaintiff alleges one comment to support a purely speculative inference of discrimination, in which Plaintiff allegedly asked Byttow if "he had taken any time off for the birth of his daughter" and Byttow replied "no." Dkt. No. 13, Am. Compl. ¶¶ 38-39. Plaintiff alleges Byttow's response was "incredibly dismissive and insinuated" Byttow's response to mean "men should not take time off work to care for spouse or new-born child." Id. ¶ 40. Plaintiff seems to be suggesting Byttow's single word response, in and of itself, reflects the necessary discriminatory conduct and intent needed to sustain a claim under the NYCHRL.

It does not. In Gurley v. David H. Berg & Assocs., for example, the plaintiff alleged her manager racially discriminated against her by commenting about her hair and appearance. See Gurley, 2022 U.S. Dist. LEXIS 20546, at *22. The allegations were limited to her manager calling Gurley "unpolished" when her hair was in an "afro," and she "'brusquely brushed past' Gurley on the day of her termination." Id. at *23. The Court dismissed the plaintiff's NYCHRL claims finding she failed to allege her manager participated in the alleged discriminatory firing. The court reasoned that these comments, although offensive to Gurley, were insufficient to demonstrate individual liability in connection with the plaintiff's termination of employment. See id.; see also

White v. Pacifica Foundation, 973 F. Supp. 2d 363, 374 (S.D.N.Y. 2013)(dismissing the plaintiff's NYSHRL and NYCHRL discrimination claims because, even if defendant's emails suggested he disliked the plaintiff, no reasonable factfinder could conclude defendant played any role in the plaintiff's termination).[3/]

Like Gurley, Byttow's isolated comment does not constitute discriminatory participation in Plaintiff's termination.

**2. Plaintiff Alleging Byttow Was His "Manager" Is Insufficient To Sustain a Claim Under The NYCHRL.**

For direct liability, the NYCHRL requires active participation "regardless of an employee's ownership or decisionmaking power." Gurley, 2022 U.S. Dist. LEXIS 20546, at *22 (citing Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 366 (S.D.N.Y. 2012)). Under the NYCHRL, asserting an employee's managerial or supervisory status without discriminatory personal involvement is legally insufficient to establish individual liability. See Malena, 886 F. Supp. 2d at 366 (stating individual liability is limited to cases where an individual defendant actually participates in discriminatory conduct). Regardless of ownership interest, Plaintiff must plead facts that the individual defendant had some link to the specific conduct at issue. See Zach v. E. Coast. Restoration & Constr. Consulting Corp. No. 15-CV-0007, 2015 U.S. Dist. LEXIS 138334, at *2-3 (S.D.N.Y. Oct. 7, 2015).

A bare assertion that someone was a manager, without specific facts showing the individual acted in a discriminatory way, does not satisfy this standard. By failing to allege more facts, Plaintiff's claim that Byttow was his "manager," without more, cannot and should not

[3/] Byttow further argues and respectfully refers the Court to the arguments set forth in Oscar Defendants' Memorandum of Law that the alleged comment constitutes, at most, a non-actionable stray comment. Plaintiff's reliance on a single, isolated comment months before his termination is legally insufficient to establish Byttow's personal involvement required for individual liability under the NYCHRL.

survive a motion to dismiss. See Dkt. No. 13, Am. Compl. ¶ 54. Even under the broad standard of the NYCHRL, Plaintiff fails to allege any facts that Byttow engaged in discriminatory conduct.

**B. Plaintiff Fails to Allege He Suffered Adverse Action As A Result Of Any Conduct By Byttow.**

Plaintiff cannot show he suffered an adverse action at the direction or instigation or involvement of Byttow. Plaintiff vaguely implies Byttow had something to do with his termination but does not allege any specific conduct to support an inference of discrimination. A discrimination complaint, "[a]t a minimum, require[s] a plaintiff to allege that the defendant engaged in a discriminatory act against the plaintiff in order to withstand a motion to dismiss." Zach, 2015 U.S. Dist. LEXIS 138334, at *4 (citing Smith v. AVSC Int'l, Inc., 148 F. Supp. 2d 302, 309 (S.D.N.Y. 2001)); see also Ayers v. Bloomberg, L.P., 203 A.D.3d 872, 874 (2d Dep't 2022) (dismissing amended complaint for failure to allege facts giving rise to an inference of discrimination under the NYCHRL).

Plaintiff vaguely implies Byttow somehow conspired with Dunham "because of his status as a new parent" to fire him but alleges nothing specific whatsoever. See Dkt. No. 13, Am. Compl. ¶ 79. Plaintiff solely alleges Byttow requested Plaintiff "join a meeting at 11:15am" and Plaintiff was terminated at this meeting. Id. at ¶ 54. Plaintiff does not specifically allege Byttow attended this meeting or who delivered the termination news other than admitting the termination decision was in the context of a reduction in force. Id. at ¶ 60.

Plaintiff fails to allege Byttow was a decisionmaker in his termination. Plaintiff's Amended Complaint is devoid of any facts, other than mere speculation, that allege Byttow played a role, if any, in Plaintiff's termination decision.[4]/

---

[4]/ Byttow further argues and respectfully refers the Court to the arguments set forth in the Oscar Defendants' Memorandum of Law that Plaintiff's allegations upon information and belief are insufficient to survive a motion to dismiss.

## CONCLUSION

For the reasons set forth within this Memorandum of Law and the Memorandum of Law submitted by the Oscar Defendants, Byttow respectfully requests this Court issue an order dismissing all claims asserted against Byttow in the Amended Complaint, with prejudice, and with costs, and for such other and further relief as the Court deems just and proper.

Dated: Melville, New York
April 14, 2026

/s/ *David S. Greenhaus*
DAVID S. GREENHAUS, ESQ.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, true and correct copies of the AFFIRMATION OF DAVID S. GREENHAUS, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND EXHIBIT A ATTACHED THERETO; and the MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DAVID BYTTOW'S MOTION FOR DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

WALKER G. HARMAN, JR.
EVAN RICHARDSON
HARMAN GREEN LLC
*Attorneys for Plaintiff*
140 Broadway, Fl. 46
New York, New York 10005
wharman@theharmanfirm.com

DEVJANI H. MISHRA
RENE L. MACIOCE
LITTLER MENDELSON, P.C.
*Attorneys for Defendants*
*Oscar Health, Inc. and Will Dunham*
900 Thid Avenue
New York, New York 10022-3298
dmishra@littler.com
rmacioce@littler.com

s/ *David S. Greenhaus*
DAVID S. GREENHAUS, ESQ.

4936-7032-9501, v. 1