UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| David Winder,<br><br>*Plaintiff*,<br><br>v.<br><br>Oscar Health, Inc., Oscar Health Plan of New York, Inc., Oscar Health Agency Inc., Will Dunham, and David Byttow,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:25-cv-8297 |

RESPONSE AND OPPOSITION TO MOTION TO DISMISS

**HARMAN GREEN**

By: ______________________________
Evan Richardson
HARMAN GREEN
99 Hudson, Fifth Floor
New York, New York 10013
824 Exposition Ave., Suite 8
Dallas, Texas 75226
(646) 248-2288
erichardson@theharmanfirm.com
*Attorney for Plaintiff*

Contents

Preliminary Statement ........ 1

Facts ........ 1

Argument ........ 3

1. Standards ........ 3

2. New York Paid Family Leave Act Claims. ........ 4

3. Plaintiff's contract claims must survive. ........ 4

4. Defendants cannot reasonably sustain an argument against the FMLA claims. ........ 6

5. Defendants' Arguments against the NYCHRL claims fail for the same reason as those against the FMLA. ........ 7

6. Defendant Byttow's individual arguments fail. ........ 10

7. Defendant Dunham. ........ 11

Conclusion ........ 11

**Cases**

*Adams v. Equinox Holdings, Inc.*, 662 F.Supp.3d 444, 456 (S.D.N.Y. 2023) ........ 4

*Andrew v. J.P. Morgan Chase & Co.*, 783 Fed. Appx. 102, 103 (2d Cir. 2019) ........ 5

*Bueno v. Eurostars Hotel Co., S.L.*, No. 21 Civ. 535 (JGK), 2022 WL 95026, at *8 (S.D.N.Y. Jan. 10, 2022) ........ 4

*Dechberry v. New York City Fire Dep't*, 124 F.Supp.3d 131 (E.D.N.Y. 2015) ........ 7

*E.E.O.C. v. Port Auth. Of N.Y. & N.J.*, 768 F.3d 247, 254 (2nd Cir. 2014) ........ 3

*Gee v. Becton, Dickinson and Company*, 84 Misc.3d 1218(A) at *5 (S. Ct., N.Y. 2024) ........ 5

*Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014) ................................ 4

*Gudpod Holdings, LLC v. Taylor*, No. 13 Civ. 8810(AKH), 2014 WL 1293571 at *1 (S.D.N.Y. Mar. 31, 2014) .......................................................................................................... 3

*Jackson v. City of New York*, 29 F. Supp. 3d 161 (E.D.N.Y. 2014) ............................................. 8

*Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2nd Cir. 2011) ........................................ 4

*Khwaja v. Jobs to Move Am.*, No. 19 Civ. 7070 (JPC), 2021 WL 3911290, at *3 (S.D.N.Y. Sept. 1, 2021) .......................................................................................................................... 4

*Lobosco v. NY Tel. Co./Nynex*, 96 N.Y.2d 312 (N.Y. 2001) ......................................................... 5

*Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493, 2019 WL 5199431 at *13 (S.D.N.Y. Sept. 30, 2019) ........................................................................................................................... 3

*Marin v. Dave & Buster's*, Inc., 159 F.Supp.3d 460, 463 (S.D.N.Y. 2017) .............................. 3, 6

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) ................ 4

*Reynolds v. Mercy Hosp.*, 861 F.Supp. 214, 218-19 (W.D.N.Y. 1994) ........................................ 4

*Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458 (Ct. of App., N.Y., 1982) ...................................... 5

*Zach v. E. Coast. Restoration & Constr. Consulting Corp*. No. 15-CV-0007, 2015 U.S. Dist. LEXIS 138334, at * (S.D.N.Y. Oct. 7, 2015) ......................................................................... 11

Plaintiff David Winder ("Plaintiff"), by and through his attorneys of record, Harman Green, hereby opposes Defendants Oscar Health, Inc., Oscar Health Plan of New York, Inc., Oscar Health Agency Inc., Will Dunham, and David Byttow's ("Defendant") Motions to Dismiss the Complaint (the "Motions"). Defendants Oscar Health, Inc., Oscar Health Plan of New York, Inc., Oscar Health Agency Inc., and Will Dunham filed a motion to dismiss at Docket Entry no. 17, and David Byttow filed a separate Motion to Dismiss at Docket Entry no. 30, and incorporated Docket Entry no. 17 by reference. Pursuant to the Court's directive, Plaintiff filed this consolidated response to both Motions.

## Preliminary Statement

This case involves Plaintiff's illegal and discriminatory termination. Plaintiff was deliberately terminated by Defendants because Plaintiff was poised to take paternity leave for a newborn child. As well, Plaintiff was terminated out of retaliation for requesting Family Medical Leave Act ("FMLA") leave. Plaintiff was an employee who took two separate leaves for the birth of his child. Dkt. 13 at para. 43-48. Because Plaintiff took two leaves that caused a substantial length of time off from work, Defendants sought to terminate Plaintiff to avoid paying Plaintiff for future time off related to Plaintiff's child care duties. One week after Plaintiff was approved for his second leave, Plaintiff's replacement was hired and his fate was sealed. Dkt. 13 at para. 47-50.

## Facts

The facts of this case are abundantly clear; Plaintiff was terminated because Defendants did not want to continue to pay an employee who recently became a parent who would be 'distracted' at work. Plaintiff was a very highly compensated employee. Dkt. 13 at para. 20-27, 31. Plaintiff was a very successful, long term employee who was never subject to discipline or felt his employment was at threat to end for performance. Dkt. 13 at para. 29-32. Everything

changed, however, when Plaintiff announced that he would be taking a leave to care for his family and because of the birth of his child. Dkt. 13 at para. 33-34, 41. Plaintiff was approved for medical and family leave, Dkt. 13 at para. 46-48, yet Defendants terminated Plaintiff notwithstanding that leave.

As well, Plaintiff alleged that the decision to terminate him (as communicated to him by coworkers) was made before his leave, but after his announcement for leave. Dkt. 13 at para. 42. The significance is that Gregory Chagnon was not a stand in for Plaintiff while he was out, but, rather, was Plaintiff's replacement. Dkt. 13 at para. 50-53. The inference Plaintiff draws for the Court is that he was immediately replaced with someone outside of his protected class, ie. someone who did not have a young child to care for who would not be taking a parental leave. Dkt. 13 at para. 53. State of mind is directly at issue in this case, and Defendants are presumptively asking the Court to accept its state of mind against the pleadings, and dismiss the case on that basis alone. Defendants' basis for termination was simply pretext; Defendants claim that Plaintiff's role was eliminated for financial constraints, yet Defendants hired someone new, and paid that new employee more money than Plaintiff, to perform the same role as Plaintiff. Dkt. 13 at para. 66-68.

Further, Plaintiff alleges that, by contract, his employment would not end because of discriminatory animus. As well, Plaintiff alleged that he contractually agreed to a fixed term of employment prescribed by his parental leave. Dkt. 46-47. During that leave, Plaintiff was to vest in Restricted Stock Units (RSUs). Dkt. 70. Defendants warranted and agreed that Plaintiff was entitled paid paternity leave, Dkt. 13 at para. 46-48, 71-75. Defendants later demanded that Plaintiff sign a waiver and release of all claims to receive some or all of that previously agreed to paternity leave. Dkt 13 at para. 77. Because Plaintiff and Defendants

engaged in offer, acceptance, and mutual binding promises, and because Defendants reneged on those promises, Plaintiff has successfully pled a breach of contract claim for the failure to pay him his parental leave and his RSU vesting.

## Argument

*1. Standards*

Defendants heavily dispute facts in the Motions, and ask the Court to ignore the well-pled facts of the Complaint. As well, important to note, "citations to summary judgment opinions are not relevant in this early stage of the case." *Marin v. Dave & Buster's*, Inc., 159 F.Supp.3d 460, 463 (S.D.N.Y. 2017).[1] In the same capacity, summary judgment arguments, such as asking the Court to dispute the pleadings and infer the Amended Complaint against Plaintiff, are completely inappropriate. Given that Defendants have entirely relied on disputing facts, the Motions must be denied. *Gudpod Holdings, LLC v. Taylor*, No. 13 Civ. 8810(AKH), 2014 WL 1293571 at *1 (S.D.N.Y. Mar. 31, 2014).

Plaintiff's burden at this stage is exceedingly low, and need only "nudge [the] claims across the line from conceivable to plausible." *E.E.O.C. v. Port Auth. Of N.Y. & N.J.*, 768 F.3d 247, 254 (2nd Cir. 2014) (citations omitted). Plaintiff has, however, gone well beyond this. "The Court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff." *Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493, 2019 WL 5199431 at *13 (S.D.N.Y. Sept. 30, 2019) (citations omitted). The Court could deny the Motions outright because of its extensive reliance on disputed facts.

"Courts must analyze NYCHRL claims separately from any federal law claims and should construe the NYCHRL 'liberally for the accomplishment of the uniquely broad and

---

[1] Defendants directly cites to one summary judgement decision and identifies it as a summary judgment order, Dkt. 17 at p. 10-11. As well, Defendant relies heavily on *Murray v. Visting Nurse Servs.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007), a summary judgment decision, which is per se inappropriate.

remedial purposes thereof.'" *Adams v. Equinox Holdings, Inc.*, 662 F.Supp.3d 444, 456 (S.D.N.Y. 2023) (citing *Bueno v. Eurostars Hotel Co., S.L.*, No. 21 Civ. 535 (JGK), 2022 WL 95026, at *8 (S.D.N.Y. Jan. 10, 2022) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013))). "To show discrimination […] under the NYCHRL, a plaintiff need only show that she was 'treated ... less well, at least in part for a discriminatory reason.'" *Id.* (citing *Khwaja v. Jobs to Move Am.*, No. 19 Civ. 7070 (JPC), 2021 WL 3911290, at *3 (S.D.N.Y. Sept. 1, 2021)). A Plaintiff need only plead "'differential treatment of any degree based on a discriminatory motive'" to survive the pleading stage, and Plaintiff even need show only some degree of discriminatory animus to survive summary judgment. *Id.* at 457 (citing *Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014)). Accordingly, Plaintiff's allegations of discriminatory animus as identified in the facts section of this brief are sufficient to push the claims into discovery.

2. *New York Paid Family Leave Act Claims.*

Plaintiff will voluntarily withdraw his claim under the New York's Paid Family Leave Law and reserves the right to pursue that claim before the Worker's Compensation Board and respectfully requests the Court dismiss the claim without prejudice.

3. *Plaintiff's contract claims must survive.*

Defendants' arguments are, essentially, premised on the idea that a company can simply promise *anything* as employment compensation, but can suffer no consequence for failing to perform so long as it maintains at-will language in a handbook. Defendants, then, ask the Court to agree that all employment promises in New York are completely illusory. In New York, for a breach of contract claim, there must be "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2nd Cir. 2011). Plaintiff meets every

element here.

Courts in New York have long held that an employee may state a claim stemming in breach of contract. *Weiner v. McGraw-Hill, Inc*., 57 N.Y.2d 458 (Ct. of App., N.Y., 1982). Plaintiff's breach of contract is premised on the same logic as in *Weiner*. In *Weiner*, the plaintiff therein successfully pled a breach of contract claim on the idea that he could be terminated only for 'just cause.' *Id.* at 466. The same is true here, in that Defendants promised that discrimination is strictly prohibited, and that, in essence, employees will not be subject to discriminatory terminations. Dkt. 19-4 at p. 8. At least one Court in New York has explicitly held that a breach of contract claim may not exist for the length of employment, but exists for the benefits of employment. *Gee v. Becton, Dickinson and Company*, 84 Misc.3d 1218(A) at *5 (S. Ct., N.Y. 2024) ("the Court finds that whether or not plaintiff was entitled to certain benefits, as outlined in the Handbook, is properly addressed after discovery, not a pre-answer motion to dismiss"). As such, Defendants' citations to *Loboscо v. NY Tel. Co./Nynex*, 96 N.Y.2d 312 (N.Y. 2001) and its progeny are immaterial. Defendants' reliance on *Andrew v. J.P. Morgan Chase & Co*., 783 Fed. Appx. 102, 103 (2d Cir. 2019) (and, by extension, *Lobosco*) is immaterial because this is not a claim for continued employment in a vacuum, but, rather, is a breach of contract on the idea that Defendants did not allow Plaintiff to maintain job protected leave, the pay that comes with that leave, and did not allow Plaintiff to vest his RSUs that were promised to him because of discrimination. Plaintiff further argues that the very nature of his agreement with Defendants to remain on job protected leave, as an alternative to seeking other employment, is detrimental reliance during a for term period. The period for which Plaintiff was to be on leave was a fixed, finite period of time. Defendants were obligated to provide that period of job protected leave (forming a for term employment period) based on

the agreements between Plaintiff and Defendant, including the email exchange confirming his leave.

Plaintiff, as have many other employees throughout the State of New York, can show that he engaged in an offer, acceptance, and offered consideration for a mutually binding promise through his employment. Plaintiff was entitled to compensation and use of his Paternity Leave as offered by Defendants. That Plaintiff's employment ended due to discrimination is Defendants' failure to perform on the contract, even before considering that Defendants had agreed to a fixed period of leave. In this instance, Plaintiff's termination was illegal. As such, Defendants broke their promise, breached its contract with Plaintiff, and owes Plaintiff the benefit of the contract: the value of his Parental Leave that was cut short and his RSUs that should have vested during that period.

4. *Defendants cannot reasonably sustain an argument against the FMLA claims.*

Plaintiff's FMLA claims are not subject to dismissal. Defendants' Motion is inherently flawed in that it argues that the Court should disregard the pleadings and disregard "the hearsay statements attributed to unnamed colleagues." Dkt. 17 at p. 9. Plaintiff can find no legal support where a District Court dismissed an action based on 'pleading hearsay.' Such a request clearly runs afoul the well-set pleading principles under the Federal Rules of Civil Procedure. As well, "citations to summary judgment opinions are not relevant in this early stage of the case." *Marin v. Dave & Buster's*, Inc., 159 F.Supp.3d 460, 463 (S.D.N.Y. 2017). Defendants' arguments against the FMLA claims are riddled with summary judgment decisions. The brief at Dkt. 17 actually directly states that the Court should ignore Plaintiff's pleadings as Defendants find them to be 'illogical.' Dkt. 17 at p. 9, n. 7. The Court cannot infer against Plaintiff, and the Motions should be denied on that simple premise alone.

Defendants simply warp and contort the allegations in an effort to confuse the Court. Defendants claim that Plaintiff's termination was five months after his FMLA election, but that is incorrect. Defendants also claim that "Plaintiff has not alleged the specific date that his termination was purportedly decided." Dkt. 17 at p. 9. That is also inaccurate and immaterial as Plaintiff alleged that the decision to eliminate his position was made immediately after he identified himself as a caregiver. Dkt. 13 at para. 34-35, 41-42. Defendants' reliance on *Dechberry v. New York City Fire Dep't*, 124 F.Supp.3d 131 (E.D.N.Y. 2015) is misplaced. That case was dismissed as the plaintiff failed to make any connection between her protected acts and the retaliation. *Id.* at 154 ("plaintiff offers only speculation connecting the protected activity with the retaliatory acts and only makes conclusory allegations"). In contrast, Plaintiff Winder here directly attributed the shift in his employment to a specific conversation with Defendant Byttow. Dkt. 13 at para. 37-42. Plaintiff further alleges that Defendant Byttow was directly involved in the decision to terminate him. Dkt. 13 at para. 44.

Given that Defendants make no arguments as to the legal deficiencies of Plaintiff's claims, and only target and dispute facts, the Court must deny the Motion with respect to the FMLA claims and direct the parties to commence discovery, which Defendants seem eager to do. Plaintiff's termination, as alleged, arose because he identified himself as a caregiver who elected to take FMLA leave. That decision, Plaintiff alleges, was made within a very short period of time after his election to take FMLA leave. When Defendants did finally effectuate the termination is immaterial as the decision to terminate Plaintiff was made in response to his identification as a caregiver going on FMLA leave.

5. *Defendants' Arguments against the NYCHRL claims fail for the same reason as those against the FMLA.*

Defendants' driving argument is that Plaintiff "offers only his own subjective

interpretation of an unspecified comment and 'insinuation.'" Dkt. 17 at p. 10. That is, simply, a dispute of fact. Plaintiff's inference for the Court, and allegation as pled, is not that he is speculating as to his termination, but, rather, that Plaintiff was immediately replaced by someone outside of his protected class, and that the decisionmaker of that termination was someone who manifested animosity toward Plaintiff solely and only because of his identification as belonging to a protected class.

Defendants rely extensively on *Jackson v. City of New York*, 29 F. Supp. 3d 161 (E.D.N.Y. 2014)[2] to their detriment. That claim failed because the plaintiff generally pointed to the record, on summary judgment, as a whole for an inference of discrimination, but failed to identify any discriminatory motivation or any similarly situated employees. The Court noted that "[t]o establish disparate treatment, a plaintiff must demonstrate that he was treated materially differently than similarly situated colleagues outside his protected class." *Id.* at 172. The plaintiff there did not, and was subject to adverse actions based on a pattern of poor performance. Here, Plaintiff was a stellar employee, and his employment only ended after a conversation identifying his protected category. The Court would be striking down every anti-discrimination law in the United States if it were to reject discrimination claims simply because a plaintiff inferred discrimination from a comment. It is impossible for a discrimination claim to come forward without first inferring that a statement is offensive and discriminatory.

As for Defendants' stray remarks argument, Dkt.17 at p. 11, the same fails abysmally based on the facts as pled in the Amended Complaint.[3] Plaintiff pled that the statement, that

---

[2] *Jackson* and the string cite attached in Defendants' Motion, Dkt. 17, are summary judgment decisions. As such, it would be inappropriate for the Court to rely on the decisions or arguments as Defendants suggest.

[3] It confusing why Defendants even address the stray remarks doctrine, as that doctrine is primarily resolved to hostile work environment claims and for claims without any additional evidence of discrimination. Here, Plaintiff has alleged that he was directly replaced by someone outside of his protected class very shortly after his identification as being a member of his protected class. Further, the stray remarks doctrine is primarily tied to

Defendant Byttow did not take time off for work after the birth of his daughter, displays Defendant Byttow's discriminatory animus, that Defendant Byttow (Plaintiff's supervisor) was involved in the decision to terminate him, and that Plaintiff was replaced with someone outside of his protected class. Defendants only reach a stray remarks defense by jumping ahead to summary judgment, and asking the Court to ignore the pleadings in this case in favor of ruling on an evidentiary record where none exists. The argument is meritless at this stage in the litigation and should not be considered. Even going through the elements of Defendants' stray remarks argument, Dkt 17 at p. 11, the argument fails at the pleading stage as Plaintiff alleges 1) a supervisor with discretionary authority to control or end Plaintiff's employment made the statement, 2) the statement was made very near in time to the decision to terminate Plaintiff, 3) the statement itself is dismissive and caused Plaintiff to feel that Defendant Byttow was preparing to terminate him, and 4) as stated, the comment was made shortly before Plaintiff was terminated and was made as Plaintiff's job protected leave approached.

Defendants argue that Plaintiff has failed to identify a comparator in Mr. Chagnon. This is perplexing. Plaintiff pled that Mr. Chagnon directly began to assume his job responsibilities. Plaintiff pled that Mr. Chagnon is outside of his protected class, a topic that Defendant concedes (by disputing facts) is subject to discovery. Plaintiff is not arguing that "Oscar's assignment of responsibilities during his approved leave [is] evidence of discrimination." Dkt. 17 at p. 12. Rather, Plaintiff is alleging that the discriminatory decision was made *before* his leave began. Stated differently, and as stated above, Mr. Chagnon is not simply picking up shifts while Plaintiff was out – Mr. Chagnon was given Plaintiff's role. Evidencing this is that Mr. Chagnon now performs Plaintiff's job duties, yet Defendants' pretext for discrimination was that

---

summary judgment and a full record.

Plaintiff's 'role was eliminated.' The two are mutually exclusive – either Plaintiff's role was eliminated, or it was not.

As the allegations in the Amended Complaint make clear, Plaintiff's role was not eliminated, but, rather, his job duties were simply given to someone outside of his protected class. Further, Plaintiff alleges that his role was eliminated for cost saving, yet Mr. Chagnon earns more than he does while performing less work. Dkt 13 at para. 67. That is, clearly, pretext for discrimination. There is no logical explanation why a company would terminate someone to save money, but then begin spending more money for a new hire. Rather, Defendant simply did not want to pay out or compensate Plaintiff as a new caregiver, and terminated him before he could vest in additional RSUs and before Defendants incurred additional expense for an employee who was not working. There can be no explanation but Defendants' discriminatory animus.

6. *Defendant Byttow's individual arguments fail.*

Defendant Byttow's entire argument is premised on disputes of fact. There is simply no legal analysis generated by Defendant Byttow to escape filing an answer and proceeding into discovery. Plaintiff alleged many facts that would indicate that Defendant Byttow was a manager, with authority to manipulate the terms and conditions of Plaintiff's employment. Plaintiff alleged that ultimately, Defendant Byttow did in fact change the terms and conditions of Plaintiff's employment when he fired Plaintiff. Dkt. 13 at para. 79. Plaintiff is not alleging that Defendant Byttow's dismissive attitude is a hostile work environment, but, rather, is evidence of his discriminatory animus. Plaintiff's claim is that Defendant Byttow illegally terminated Plaintiff because of his protected status. Whether Defendant Byttow engaged in a discriminatory termination, and whether Defendant Byttow harbors discriminatory animus, are

questions that rely on evidence. As such, the Court cannot and should not adjudicate the claims before discovery can begin.

Defendant Byttow cites that a "discrimination complain '[a]t a minimum, require[s] a plaintiff to allege that the defendant engaged in a discriminatory act against the plaintiff in order to withstand a motion to dismiss.'" Dkt. 30 at p. 5 (citing *Zach v. E. Coast. Restoration & Constr. Consulting Corp*. No. 15-CV-0007, 2015 U.S. Dist. LEXIS 138334, at * (S.D.N.Y. Oct. 7, 2015)). Defendant Byttow fails to appreciate that he did make such an allegation: "Byttow conspired to terminate Plaintiff because of his status as a new parent, and exercise of contractual and statutory rights to paternity leave." Dkt. 13 at para. 79. Given that Defendant Byttow's legal argument is that Plaintiff must allege that Defendant Byttow acted with discriminatory animus, and given that Plaintiff did allege that Defendant Byttow acted with discriminatory animus, the Motions should be denied.

7. *Defendant Dunham.*

Plaintiff will withdraw claims against Defendant Dunham and respectfully requests the Court dismiss them without prejudice.

**<u>Conclusion</u>**

Accordingly, Defendants' Motions should be denied as described above. Defendants merely dispute facts and ignore the well pled allegations of the Amended Complaint. Defendants' legal arguments are deficient or reliant on evidence and summary judgment opinions. The Motions should be denied.

Dated: New York, NY
April 28, 2026

**HARMAN GREEN**

By: _________________________________

Evan Richardson
HARMAN GREEN
99 Hudson, Fifth Floor
New York, New York 10013
824 Exposition Ave., Suite 8
Dallas, Texas 75226
(646) 248-2288
erichardson@theharmanfirm.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I certify that the foregoing was served on all counsel of record pursuant to this Court's electronic filing system.

Evan Richardson