**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

DAVID WINDER,

Plaintiff,

-against-

OSCAR HEALTH, INC., OSCAR MANAGEMENT CORPORATION, WILL DUNHAM, and DAVID BYTTOW,

Defendants.

-----------------------------------------------------------------------x

Case No. 25-CV-08297 (JMF)

# **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT DAVID BYTTOW'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT DAVID BYTTOW*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

*Attorney of Record*:

David S. Greenhaus, Esq.

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 1

PLAINTIFF'S OPPOSITION DOES NOT ALTER THE CONCLUSION THAT HE HAS NOT PLED ALLEGATIONS SUPPORTING AN INFERENCE OF DISCRIMINATION........ 1

A. Affording Plaintiff Every Favorable Inference, Plaintiff Fails to Allege Byttow's Actual Participation In Any Discriminatory Conduct. ........ 1

B. A Neutral Response To A Question Cannot Support An Inference of Discriminatory Animus. ........ 2

C. Plaintiff's Subjective Beliefs Are Insufficient To Sustain A Discrimination Claim. ........ 3

CONCLUSION ........ 5

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

Anderson v. AlClear, LLC, No. 18-CV-1525, 2018 U.S. Dist. LEXIS 42112 (E.D.N.Y. Mar. 14, 2018) ....4

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ....4

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....4

Browne v. Arrow Sec., No. 24-CV-9788, 2025 U.S. Dist. LEXIS 174902 (S.D.N.Y. Sep. 8, 2025) ....3

Cruz v. Bernstein Litowitz Berger & Grossman LLP, No. 20-CV-8596, 2023 U.S. Dist. LEXIS 54426 (S.D.N.Y. Mar. 29, 2023) ....3

Harvey v. Bus. Integrity Commission, No. 24-CV-924, 2025 U.S. Dist. LEXIS 98741 (S.D.N.Y. May 23, 2025) ....3

Martin v. City Univ. of N.Y., No. 17-CV-6791, 2018 U.S. Dist. LEXIS 208685 (S.D.N.Y. Dec. 11, 2018) ....2

Mitchell v. Planned Parenthood of Greater N.Y., Inc., 745 F. Supp. 3d 68 (S.D.N.Y 2024) ....4

Rolon v. Henneman, 517 F.3d 140 (2d Cir. 2008) ....2

Rozenfeld v. Dept. of Design & Constr., 875 F. Supp. 2d 189 (E.D.N.Y. 2012) ....1

Rozenfeld v. Dept. of Design & Constr., 552 F. App’x. 46 (2d Cir. 2013) ....1

Sethi v. Narod, 12 F. Supp. 3d 505 (E.D.N.Y. 2014) ....4

Vora v. N.Y.C. Dep’t of Educ., No. 22-CV-10891, 2024 U.S. Dist. LEXIS 47446 (S.D.N.Y. Mar. 14, 2024) ....3

Williams v. Victoria’s Secret, No. 15-CV-4715, 2017 U.S. Dist. LEXIS 45813 (S.D.N.Y. Mar. 28, 2017) ....3

**Statutes**

Federal Rule of Civil Procedure 12(b)(6) ....4

New York City Human Rights Law .... *passim*

## PRELIMINARY STATEMENT

David Winder's opposition (hereinafter "Pl. Opp.") to Defendants' Motion to Dismiss does not save his discrimination claim against David Byttow individually. Plaintiff's pleading relies on two bare allegations: (1) a single, isolated, vague remark about Byttow's personal decision not to take leave after the birth of his daughter, which fails to show discriminatory animus; and, (2) a conclusory allegation that Byttow "conspired" to terminate Plaintiff, both of which lack factual support. Plaintiff relies on no compelling legal authority to demonstrate individual liability as to Byttow under the New York City Human Rights Law ("NYCHRL"). Instead, Plaintiff does nothing more than repeat his conclusory allegations in the Amended Complaint (hereinafter "Am. Compl.") and utterly fails to address its flaws. Without more, Plaintiff's conclusory claims of discrimination based on his caregiver status fail as a matter of law.

## ARGUMENT

### PLAINTIFF'S OPPOSITION DOES NOT ALTER THE CONCLUSION THAT HE HAS NOT PLED ALLEGATIONS SUPPORTING AN INFERENCE OF DISCRIMINATION.

### A. Affording Plaintiff Every Favorable Inference, Plaintiff Fails to Allege Byttow's Actual Participation In Any Discriminatory Conduct.

To survival dismissal under the NYCHRL, Plaintiff must allege Byttow actually participated in discriminatory conduct. See Rozenfeld v. Dept. of Design & Constr., 875 F. Supp. 2d 189, 202 (E.D.N.Y. 2012) (under the NYCHRL, "Plaintiff must charge that each individually named Defendant actually participated in the alleged discriminatory acts"), aff'd 552 F. App'x. 46 (2d Cir. 2013). Plaintiff insists – wrongly – that the Amended Complaint meets this threshold.

Plaintiff asserts, upon "information and belief", Byttow conspired discriminatorily to effectuate his (Plaintiff's) termination. Am. Compl. ¶¶ 41, 79. But Plaintiff alleges only:

- Byttow was aware Plaintiff was taking paternity leave. Id. ¶ 37.
- Plaintiff asked if Byttow had ever taken any time off for the birth of his daughter, to which Byttow replied "no." Id. ¶¶ 38-39.
- Plaintiff understood Byttow's response as "incredibly dismissive and insinuated" to mean that "men should not take time off work" to care for children. Id. ¶ 40.
- Byttow requested Plaintiff join a meeting on August 5, 2025. Id. ¶ 54.
- "Upon information and belief" Byttow requested Plaintiff be replaced and "conspired to terminate Plaintiff because of his status as a new parent." Id. ¶¶ 78-79.

Plaintiff has not alleged plausible claims of discrimination against Byttow with the factual specificity necessary to survive a motion to dismiss. See Martin v. City Univ. of N.Y., No. 17-CV-6791, 2018 U.S. Dist. LEXIS 208685, at *9 (S.D.N.Y. Dec. 11, 2018) ("[a] court is not bound to accept 'conclusory allegations or legal conclusions masquerading as factual conclusions.'") (citing Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008)).

**B. A Neutral Response To A Question Cannot Support An Inference of Discriminatory Animus.**

Plaintiff fails to allege how these allegations support an inference of discrimination concerning his caregiver status. Instead, Plaintiff asserts he adequately "pled that the statement, that Defendant Byttow did not take time off for work after the birth of his daughter, displays, Defendant Byttow's discriminatory animus." Pl. Opp. at 8-9. However, Byttow's single word

response – "no" – as alleged in the Amended Complaint, contains no reference to Plaintiff's status as a caregiver.[1]/ Am. Compl. ¶ 39.

Byttow was simply answering Plaintiff's question, which does not support Plaintiff's discrimination claim, particularly (even if the Court were to consider the merits of the response "No") as the remark did not occur in any context related to the end of Plaintiff's employment. See Harvey v. Bus. Integrity Commission, No. 24-CV-924, 2025 U.S. Dist. LEXIS 98741, at*20-21 (S.D.N.Y. May 23, 2025) (holding the plaintiff's "conclusory allegation that she suffered 'ongoing harassment related to Plaintiff's caregiving responsibility' without elaboration, is insufficient to state a valid claim for discrimination."); see also Williams v. Victoria's Secret, No. 15-CV-4715, 2017 U.S. Dist. LEXIS 45813, at *20 (S.D.N.Y. Mar. 28, 2017) (dismissing NYCHRL claims where the plaintiff failed to describe the remark as being linked to an employment decision).

### C. **Plaintiff's Subjective Beliefs Are Insufficient To Sustain A Discrimination Claim.**

Ultimately, Plaintiff fails to persuasively argue that what he subjectively perceived to be Byttow's "dismissive attitude" regarding parental leave evidenced discriminatory animus. Pl. Opp. at 7. Courts have routinely rejected claims that personal feelings and unsupported impressions can establish discriminatory animus. See, e.g., Vora v. N.Y.C. Dep't of Educ., No. 22-CV-10891, 2024 U.S. Dist. LEXIS 47446, at *17 (S.D.N.Y. Mar. 14, 2024) (dismissing

[1] / "No" is not even a "stray remark" but, regardless, while Plaintiff appears to argue that an analysis of a "stray remark" is limited to hostile work environment claims, it is well-settled that an isolated comment is insufficient to infer discrimination. See, e.g., Browne v. Arrow Sec., No. 24-CV-9788, 2025 U.S. Dist. LEXIS 174902, at *10-11 (S.D.N.Y. Sep. 8, 2025) (dismissing claims where isolated age-related comments amounted to nothing more than "petty slights" rather than actionable discrimination under the NYCHRL); see also Cruz v. Bernstein Litowitz Berger & Grossman LLP, No. 20-CV-8596, 2023 U.S. Dist. LEXIS 54426, at *48 (S.D.N.Y. Mar. 29, 2023) (finding a "lone, stray remark[ ]" to be insufficient to infer discrimination under the NYCHRL).

NYCHRL claims, pursuant to 12(b)(6), where allegations of discriminatory intent consisted only of the plaintiff's "sincerely held beliefs" and conclusory statements unsupported by facts); Anderson v. AlClear, LLC, No. 18-CV-1525, 2018 U.S. Dist. LEXIS 42112, at *518 (E.D.N.Y. Mar. 14, 2018) ("Plaintiff's mere subjective belief that he was discriminated against . . . does not sustain a discrimination claim.") (citing Sethi v. Narod, 12 F. Supp. 3d 505, 536 (E.D.N.Y. 2014)). Plaintiff's allegations, which are classic examples of a "labels and conclusions" pleading, is not enough to "nudge[] [his] claims across the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff was required to allege, beyond a mere conclusory statement, that Byttow engaged in a discriminatory act in order to withstand a motion to dismiss. See Mitchell v. Planned Parenthood of Greater N.Y., Inc., 745 F. Supp. 3d 68, 103-104 (S.D.N.Y 2024) (stating that "even under the more lenient requirements of the NYCHRL, [a] plaintiff's claims must be more than conclusory or speculative to survive a motion to dismiss.") (internal citation omitted). Plaintiff's contention that the Court should infer a particular state of mind, absent any supporting facts, is insufficient to survive a 12(b)(6) motion. Here, Plaintiff provides nothing more than a reiteration of conclusory allegations (pled upon information and belief) and a single, isolated remark regarding Byttow's personal life – neither of which satisfies the NYCHRL's "actual participation" standard. See id. at *104 (explaining that individual liability requires an employee's actual participation in the discriminatory conduct).

## CONCLUSION

For the foregoing reasons, Defendant Byttow respectfully requests the Court grant his motion to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), along with such other and further relief as the Court deems just and proper.

Dated: Melville, New York
May 5, 2026

/s/ *David S. Greenhaus*
DAVID S. GREENHAUS, ESQ.

4917-4379-7158, v. 1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT DAVID BYTTOW'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

WALKER G. HARMAN, JR.
EVAN RICHARDSON
HARMAN GREEN LLC
*Attorneys for Plaintiff*
140 Broadway, Fl. 46
New York, New York 10005
wharman@theharmanfirm.com
erichardson@theharmanfirm.com

DEVJANI H. MISHRA
RENE L. MACIOCE
LITTLER MENDELSON, P.C.
*Attorneys for Defendants*
*Oscar Health, Inc. and Will Dunham*
900 Thid Avenue
New York, New York 10022-3298
dmishra@littler.com
rmacioce@littler.com

s/ *David S. Greenhaus*
DAVID S. GREENHAUS, ESQ.

4917-4379-7158, v. 1