**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ X

DAVID WINDER,

Plaintiff,

-against-

OSCAR HEALTH, INC., OSCAR MANAGEMENT CORPORATION, WILL DUNHAM, AND DAVID BYTTOW,

Defendants.

X

------------------------------------------------------

No. 1:25-cv-08297 (JMF)

**<u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE OSCAR DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

Devjani Mishra, Esq.
H. Keith Belfield, Esq.
LITTLER MENDELSON, P.C.
900 Third Ave.
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendants Oscar Health, Inc., Oscar Management Corp., and Will Dunham*

**TABLE OF CONTENTS**


**Page**

ARGUMENT ..... 2

I. PLAINTIFF'S WAIVED CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ..... 2

A. Plaintiff Waives His NYPFL Claim and Oscar Is Entitled to Costs. ..... 2

B. Plaintiff Withdraws All Claims Against Defendant Dunham ..... 2

II. PLAINTIFF FAILS TO STATE A PLAUSIBLE FMLA RETALIATION CLAIM ..... 2

A. Plaintiff Fails to Plead Indirect Causation Based on Temporal Proximity ..... 3

B. Plaintiff Does Not Allege Direct Evidence of Retaliatory Animus ..... 4

III. PLAINTIFF FAILS TO STATE A CLAIM OF CAREGIVER DISCRIMINATION ..... 5

A. The Unspecified Comment Is, at Most, a Stray Remark. ..... 6

B. Plaintiff Fails To Plausibly Allege That a Similarly Situated Non-Caregiver Was Treated More Favorably ..... 7

IV. PLAINTIFF FAILS TO STATE A BREACH OF CONTRACT CLAIM ..... 8

A. The Referenced Documents Foreclose Plaintiff's Contract Theory ..... 8

B. Plaintiff's Theory is Incompatible with the At-Will Employment Doctrine ..... 9

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert v. Loksen*,
239 F.3d 256 (2d Cir. 2001)....9

*Bickerstaff v. Vassar Coll.*,
196 F.3d 435 (2d Cir. 1999)....4

*Bus. Exposure Reduction Grp. (BERG) Assocs., LLC v. Pershing Square Capital Mgmt., L.P.*,
549 F. Supp. 3d 318 (S.D.N.Y. 2021)....8

*Cruz v. HSBC Bank, USA, N.A.*,
No. CV 12-6088, 2014 WL 950066 (E.D.N.Y. Mar. 10, 2014)....9

*De Jesus v. Sears, Roebuck & Co.*,
87 F.3d 65 (2d Cir. 1996)....2

*Dechberry v. N.Y.C. Fire Dep't*,
124 F. Supp. 3d 131 (E.D.N.Y. 2015)....4

*Etienne v. MTA N.Y.C. Tr. Auth.*,
223 A.D.3d 612 (1st Dep't 2024)....7

*Gautam v. Prudential Fin., Inc.*,
No. 06-CV-3614, 2008 WL 11417411 (E.D.N.Y. Sept. 3, 2008)....5

*Gee v. Becton, Dickinson & Co.*,
84 Misc. 3d 1218(A), 220 N.Y.S.3d 652 (Sup. Ct. Warren Cnty. 2024)....10

*Gehlaut v. N.Y. City Dep't of Educ.*,
No. 22-CV-7862 (AMD) (LB), 2024 U.S. Dist. LEXIS 20751 (E.D.N.Y. Feb. 6, 2024)....3

*Gilford v. NYS Office of Mental Health*,
No. 17-cv-8033, 2019 U.S. Dist. LEXIS 38450 (S.D.N.Y. Mar. 11, 2019)....3

*Henry v. Wyeth Pharm., Inc.*,
616 F.3d 135 (2d Cir. 2010)....6

*Hollander v. Am. Cyanamid Co.*,
895 F.2d 80 (2d Cir. 1990)....3

*Jackson v. City of N.Y.*,
29 F. Supp. 3d 161 (E.D.N.Y. 2014)....5

**TABLE OF AUTHORITIES**
**(Continued)**

**Page (s)**

*Jones v. City of N.Y.*,
No. 14-CV-0826, 2015 WL 502227 (E.D.N.Y. Feb. 5, 2015) ....................4

*Kao v. Brit. Airways*,
PLC, No. 17-CV-0232 (LGS), 2018 WL 501609 (S.D.N.Y. Jan. 19, 2018)....................2

*Kunda v. Caremark PhC, LLC*,
119 F. Supp. 3d 56 (E.D.N.Y. 2015) ....................9

*Leibowitz v. Cornell Univ.*,
584 F.3d 487 (2dCir. 2009)....................6

*Maragh v. Roosevelt Island Operating Corp.*,
No. 16-CV-7530, 2021 U.S. Dist. LEXIS 147091 (S.D.N.Y. Aug. 5, 2021)
*aff'd*, 2022 U.S. App. LEXIS 29625 (2d Cir. Oct. 25, 2022) ....................5

*Novick v. Vill. of Wappingers Falls*,
376 F. Supp. 3d 318 (S.D.N.Y. 2019)....................7, 8

*Orlander v. Staples, Inc.*,
802 F.3d 289 (2d Cir. 2015)....................9

*Pasha v. William M. Mercer Consulting, Inc.*,
No. 00-CV-8262, 2004 WL 188077 (S.D.N.Y. Feb. 2, 2004)....................4

*Paupaw Myrie v. Mount Vernon City Sch. Dist.*,
653 F. Supp. 3d 80 (S.D.N.Y. 2023)....................6

*Perry v. NYSARC, Inc.*,
424 F. Appx. 23 (2d Cir. 2011)....................3

*Reddington v. Staten Island Univ. Hosps.*,
511 F.3d 126 (2d Cir. 2007)....................10

*Sabetay v. Sterling Drug, Inc.*,
514 N.Y.S.2d 209 (1987)....................9

*Smalls v. Allstate Ins. Co.*,
396 F. Supp. 2d 364 (S.D.N.Y. 2005)....................5

*Symotyuk-Knoll v. HealthEquity, Inc.*,
No. 21-cv-08348 (ALC), 2023 U.S. Dist. LEXIS 152061 (S.D.N.Y. Aug. 29, 2023) ....................8

*Weiner v. McGraw-Hill, Inc.*,
57 N.Y.2d 458 (1982) ....................9

**TABLE OF AUTHORITIES**
**(Continued)**

**Page (s)**

*Willis v. Verizon N.Y., Inc.*,
No. 11-CV-5078, 2012 WL 2370125 (E.D.N.Y. June 22, 2012) ............................................9

Defendants Oscar Health Inc., Oscar Management Corporation, and Will Dunham (together, "Oscar")[1] submit this reply in further support of their motion to dismiss Plaintiff's Amended Complaint (the "AC") in its entirety because the AC fails to state any claim upon which relief may be granted.

Plaintiff's Opposition confirms that the AC is facially deficient. Rather than address the pleading failures identified in Oscar's motion, Plaintiff relies on rhetoric, ignoring that his claims rest on conclusory allegations, subjective interpretations, and assertions made on information and belief. He adds no new facts, clarifies no timelines, and identifies no decisionmakers or actionable conduct, despite having been afforded an opportunity to amend.

At the same time, the Opposition narrows the case through express concessions. Plaintiff withdraws his NYPFL claim and all claims against Dunham, conceding that those claims were defective *ab initio*. Those abandoned claims should be dismissed with prejudice.

The remaining claims fail as a matter of law. First, the argument that settled precedent is "summary judgment briefing" is a straw man, as the cases cited reflect well-established law governing causation, discriminatory animus, and plausibility. Even at this early stage, Plaintiff is required to plausibly allege FMLA retaliation or NYCHRL caregiver discrimination for these claims to survive. Plaintiff also fails to salvage his breach of contract claim because he does not allege the existence of any enforceable contract restricting the Company's right to terminate his employment. This claim is also foreclosed by the employment documents themselves, which expressly disclaim any entitlement to continued employment, leave, or future equity vesting.

In short, Plaintiff's Opposition underscores that the AC remains legally insufficient. Dismissal with prejudice is thus warranted because further amendment would be futile.

[1] Terms defined in Oscar's moving memorandum (ECF No. 17) are used herein as defined therein.

## ARGUMENT

### I. PLAINTIFF'S WAIVED CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

#### A. Plaintiff Waives His NYPFL Claim and Oscar Is Entitled to Costs.

Plaintiff concedes that his NYPFL claim cannot be maintained in this Court and withdraws it, confirming that the claim was facially defective. (Plt's Opp., ECF No. 33, p. 7.) Oscar raised this jurisdictional bar in their original motion to dismiss, yet Plaintiff stubbornly reasserted the same NYPFL claim in his AC, requiring Oscar to brief this issue a second time. (Defs.' MOL, ECF No. 9 at 6–7; Defs.' MOL, ECF No. 17 at 6–7 & n.6.) Plaintiff's belated withdrawal does not cure the prejudice caused by maintaining a jurisdictionally barred claim through amendment and motion practice. Accordingly, the NYPFL claim should be dismissed with prejudice, and Oscar seeks recovery of the costs incurred in addressing the claim twice.

#### B. Plaintiff Withdraws All Claims Against Defendant Dunham

Plaintiff withdraws all claims against Defendant Dunham. (Plt's Opp., ECF No. 33, p. 14.) He, however, fails to address Oscar's arguments that this Court lacks personal jurisdiction over Dunham which constitutes abandonment. *See Kao v. Brit. Airways*, PLC, No. 17-CV-0232 (LGS), 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018). Again, these jurisdictional defects were raised in the original motion to dismiss, placing Plaintiff on notice and affording him an opportunity to cure. (Defs.' MOL, ECF No. 9 at 12–18.) Plaintiff nevertheless reasserted claims against Dunham without alleging any additional jurisdictional facts but now withdraws those claims altogether, confirming that the defects cannot be cured. As such, dismissal with prejudice is appropriate. S*ee De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996).

### II. PLAINTIFF FAILS TO STATE A PLAUSIBLE FMLA RETALIATION CLAIM

As stated in Oscar's motion, causation may be alleged indirectly, through close temporal proximity or other circumstantial evidence, or directly, through evidence of retaliatory animus.

*Gehlaut v. N.Y. City Dep't of Educ.*, No. 22-CV-7862 (AMD) (LB), 2024 U.S. Dist. LEXIS 20751, at *13 (E.D.N.Y. Feb. 6, 2024) (citations omitted). Plaintiff alleges neither.

**A. Plaintiff Fails to Plead Indirect Causation Based on Temporal Proximity**

Plaintiff alleges that he announced his intention to take paternity leave in March 2025 and that he was terminated approximately five months later, in August 2025, as part of a companywide reduction in force ("RIF"). (Am. Compl. ¶¶ 34, 54–57). As previously noted, this temporal gap is too attenuated to support an inference of causation as a matter of law. (Defs.' MOL, ECF No. 17, at 8). Courts in this Circuit consistently hold that gaps of four to five months between protected activity and termination are insufficient, standing alone, to plausibly allege causation. *See Perry v. NYSARC, Inc.*, 424 F. Appx. 23, 26 (2d Cir. 2011); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir. 1990).

Plaintiff does not dispute this timeline (Plt's Opp., ECF No. 33, pp. 9–10), but attempts to obscure it with speculation. Specifically, Plaintiff alleges, upon information and belief, that the decision to terminate him was made immediately after he announced his leave and that unnamed colleagues told him the decision was made prior to his leave. (Am. Compl. ¶¶ 41–42.) These allegations are facially deficient. Plaintiff does not identify the decisionmaker, when the decision was made, or who these "colleagues" were, what they said, when they said it, how Plaintiff learned this information, or whether they had any role in the alleged decision. (Defs.' MOL, ECF No. 17, at 8–9; Am. Compl. ¶¶ 41–42.). As pled, the allegation is entirely speculative and could refer to any assortment of individuals, or even non-employees, rendering it insufficient as a matter of law.

Courts routinely dismiss retaliation claims entirely predicated on allegations pled upon information and belief. *Gilford v. NYS Office of Mental Health*, No. 17-cv-8033, 2019 U.S. Dist. LEXIS 38450, at *12 (S.D.N.Y. Mar. 11, 2019). Plaintiff does not meaningfully engage this authority. Instead, he argues that hearsay may be plead and that Oscar improperly relies on

summary judgment case law regarding admissibility. (Plt's Opp., ECF No. 33, pp. 8–9). Plaintiff misses the point: The issue is deficiency in pleadings and lack of plausibility, not admissibility. As pled, Plaintiff has offered only hearsay from unnamed persons, layered atop a temporal gap that is insufficient to infer causation.

Finally, even if such deficient allegations were credited, Plaintiff fails to allege when the termination decision was made. "Simply pleading that an adverse action occurred later in time than plaintiff's protected activity is insufficient to survive a motion to dismiss." *Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 154 (E.D.N.Y. 2015). Plaintiff's pleading "upon information and belief" cannot cure the causation defect or salvage his FMLA retaliation claim.

**B. Plaintiff Does Not Allege Direct Evidence of Retaliatory Animus**

Plaintiff alternatively attempts to allege direct causation by alluding to an alleged conversation with Byttow. (Plt's Opp., ECF No. 33, pp. 6-7). Plaintiff claims that after announcing his intention to take leave, he asked Byttow if he had taken time off following the birth of his daughter, and Byttow said that he had not. (Am. Compl. ¶¶ 36–39). Plaintiff fails to specify Byttow's words or describe any other comments. Instead, Plaintiff alleges that he felt it was "dismissive" and insinuating that men should not take leave. (Am. Compl. ¶ 40). As Oscar explained, this allegation is conclusory and insufficient. (Defs.' MOL, ECF No. 17, at 10).

Plaintiff's opposition again relies on his feelings and perceptions rather than any pleaded facts. (Plt's Opp., ECF No. 33, pp. 6-7). But "[a] plaintiff's 'feelings and perceptions of being discriminated against [are] not evidence of discrimination.'" *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999); s*ee also Jones v. City of N.Y.*, No. 14-CV-0826, 2015 WL 502227, at *5 (E.D.N.Y. Feb. 5, 2015). Statements that merely note a plaintiff's membership in a protected class do not support an inference of discrimination. *Pasha v. William M. Mercer Consulting, Inc.*, No.

00-CV-8262, 2004 WL 188077, at *4 (S.D.N.Y. Feb. 2, 2004); *Gautam v. Prudential Fin., Inc.*, No. 06-CV-3614, 2008 WL 11417411, at *7 (E.D.N.Y. Sept. 3, 2008).

Here, Plaintiff never pleads any discriminatory or retaliatory statement. He offers only his subjective interpretation of an unspecified comment and an alleged "insinuation." (Am. Compl. ¶ 40). Courts consistently hold that a plaintiff's subjective belief, speculation, or "gut-feeling," without supporting facts are "not sufficient to create an inference of discrimination." *Jackson v. City of N.Y.*, 29 F. Supp. 3d 161, 172 (E.D.N.Y. 2014); *see also Smalls v. Allstate Ins. Co.*, 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005); *Maragh v. Roosevelt Island Operating Corp.*, No. 16-CV-7530, 2021 U.S. Dist. LEXIS 147091, at *16 (S.D.N.Y. Aug. 5, 2021) *aff'd*, 2022 U.S. App. LEXIS 29625 (2d Cir. Oct. 25, 2022). Such allegations cannot plausibly establish direct retaliatory animus under the FMLA.

Moreover, Plaintiff's repeated argument that Oscar has relied on summary judgment authority is meaningless and mischaracterizes the Motion. (Plt's Opp., ECF No. 33, pp. 6, 8–10). Oscar does not invoke a summary judgment standard or request fact-finding. Rather, the cited cases state settled legal principles governing causation, temporal proximity, and the type of factual allegations required to plausibly plead retaliation. These principles apply at the pleading stage. Plaintiff's argument that this authority is procedurally improper is a red herring that fails to address the AC's failure to allege facts supporting an inference of retaliation.

Plaintiff's FMLA retaliation claim should therefore be dismissed because he fails to plausibly allege either indirect or direct causation.

## III. PLAINTIFF FAILS TO STATE A CLAIM OF CAREGIVER DISCRIMINATION

As stated in Oscar's Motion, Plaintiff may raise an inference of discrimination by alleging that derogatory statements were made by decision makers and/or that individuals outside of his

protected class were similarly situated to him and were treated better. *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2dCir. 2009). Plaintiff fails to allege either.

**A. The Unspecified Comment Is, at Most, a Stray Remark.**

Plaintiff's NYCHRL claim relies on the same alleged exchange with Byttow alleged in connection with his FMLA claim addressed in Section II(C). For the same reasons, Plaintiff's subjective interpretation of an unspecified, facially neutral remark is insufficient to plausibly allege discriminatory animus.

Plaintiff again incorrectly contends that Oscar "jump[ed] ahead" to summary judgment. Courts routinely apply the "stray remarks" analysis at the pleading stage to assess whether an alleged comment plausibly supports an inference of discrimination. *See Paupaw Myrie v. Mount Vernon City Sch. Dist.*, 653 F. Supp. 3d 80, 97–98 (S.D.N.Y. 2023). Plaintiff's argument that such analysis is premature is legally incorrect. Even if the alleged exchange were suggestive, it would amount, at most, to a stray remark. In determining if a comment supports an inference of discrimination, courts consider who made the remark, when it was made, its content, and whether it was connected to the decision at issue. *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 135, 149 (2d Cir. 2010). Plaintiff fails to plausibly allege any of these facts. He does not allege that Byttow had decision-making authority over his leave request or termination, instead claiming that the termination resulted from a companywide RIF and alleging only on information and belief that Byttow was involved. (Am. Compl. ¶¶ 54–57, 76–79.) Plaintiff also does not allege when the remark was made in relation to the termination decision, stating only that it occurred at an unspecified time after he announced his intent to take leave in March 2025. (*Id.* ¶¶ 34, 36–40.) Nor does he plead any discriminatory content, alleging only that he subjectively perceived Byttow's response as "dismissive" and "insinuat[ing]" opposition to leave. (*Id.* ¶ 40.) Finally, the AC

undermines any inference of temporal proximity by alleging that Plaintiff was terminated months later, in August 2025, as part of a RIF. (*Id.* ¶¶ 34, 54–57.)

In short, the AC alleges only a facially neutral remark and Plaintiff's speculation as to its meaning. It does not plead facts showing that the remark was discriminatory, made by a decision maker, temporally connected to the termination decision, or related to the RIF. As pled, the allegation cannot support an inference of caregiver discrimination under the NYCHRL and is, at most, an insufficient stray remark.

### B. Plaintiff Fails To Plausibly Allege That a Similarly Situated Non-Caregiver Was Treated More Favorably

Plaintiff alternatively alleges caregiver discrimination by claiming that newly hired employee Gregory Chagnon "performed the same role" and was retained while Plaintiff was terminated. (Am. Compl. ¶¶ 51, 108). That theory fails because Plaintiff's own allegations foreclose any plausible inference that Mr. Chagnon was a similarly situated comparator.

Plaintiff alleges that Mr. Chagnon held a different title, performed fewer duties, and was hired to do less work. (*Id.* ¶¶ 32, 51, 65). Setting aside whether those allegations are correct, they are incompatible with the assertion that Mr. Chagnon "took over" Plaintiff's role and negate comparator status as Mr. Chagnon was not similarly situated in all material respects. *See Etienne v. MTA N.Y.C. Tr. Auth.*, 223 A.D.3d 612, 613 (1st Dep't 2024). Plaintiff's Opposition does not cure this defect. He merely reasserts that Mr. Chagnon replaced him, and ignores his own allegations regarding title, responsibilities, and workload. Courts routinely dismiss discrimination claims where, as here, the pleaded facts fail to establish that the proposed comparator is similarly situated to the Plaintiff. *See Novick v. Vill. of Wappingers Falls*, 376 F. Supp. 3d 318, 343 (S.D.N.Y. 2019). Plaintiff cannot plead material differences and then ask the Court to ignore them.

Even assuming *arguendo* that Mr. Chagnon assumed some of Plaintiff's duties during his leave, Plaintiff cannot plausibly construe the Company's assignment of work during his approved leave as evidence of discrimination. *See Symotyuk-Knoll v. HealthEquity, Inc.*, No. 21-cv-08348 (ALC), 2023 U.S. Dist. LEXIS 152061, at *12 (S.D.N.Y. Aug. 29, 2023) ("Plaintiff cannot both be granted leave and construe Defendants' responsible delegation of h[is] duties during that leave as an inference of discrimination.").

Plaintiff also speculates, without alleging any facts, that Mr. Chagnon "does not have young children at home." (Am. Compl. ¶ 108). Speculation regarding a comparator's caregiver status is insufficient to plausibly allege discriminatory treatment. *Novick, 376 F. Supp. 3d at 343*.

Finally, Plaintiff concedes that his termination resulted from a companywide RIF affecting numerous employees. (Am. Compl. ¶¶ 54–57). He pleads no facts suggesting that the RIF was pretextual or that other employees were selected for elimination based on caregiver status or FMLA leave. Instead, he relies solely on insufficient speculation.

The NYCHRL requires a plaintiff to plead facts plausibly suggesting discriminatory motivation. Dismissal is warranted here because the allegations are consistent with a lawful business decision and unsupported by facts indicating bias.

## IV. PLAINTIFF FAILS TO STATE A BREACH OF CONTRACT CLAIM

Plaintiff's breach of contract claim fails as a matter of law. He does not allege the existence of any enforceable contract or other limitation on Oscar's right to terminate his employment.

### A. The Referenced Documents Foreclose Plaintiff's Contract Theory

A breach of contract claim may be dismissed where the documents incorporated by reference contradict the plaintiff's theory as a matter of law. *Bus. Exposure Reduction Grp. (BERG) Assocs., LLC v. Pershing Square Capital Mgmt., L.P.*, 549 F. Supp. 3d 318, 325 (S.D.N.Y. 2021). Here, Plaintiff's claim rests on his offer letter, equity award documents, and Oscar's

employee handbook, all of which he incorporates by reference. (Decl. of Sara Augustus Ex. A-D, Dkt. No. 19.) Those documents all expressly confirm Plaintiff's at-will status and disclaim any contractual right to continued employment, future vesting, or modification of that status. (*Id.*)

Critically, Plaintiff does not dispute the operative language of these documents, because he cannot. Instead, he attempts to recharacterize discretionary benefits and contingent compensation as contractual guarantees. (Plt's Opp., ECF No. 33, pgs. 4-6.). New York law does not permit such recharacterization where, as here, the governing documents expressly foreclose it.[2] *See Kunda v. Caremark PhC, LLC*, 119 F. Supp. 3d 56, 61–62 (E.D.N.Y. 2015).

**B. Plaintiff's Theory is Incompatible with the At-Will Employment Doctrine**

In New York, employment is presumed to be at will absent an express agreement providing otherwise. *Albert v. Loksen*, 239 F.3d 256, 264 (2d Cir. 2001). To overcome that presumption, a plaintiff must allege an express written agreement or policy that clearly restricts the employer's right to discharge. *Sabetay v. Sterling Drug, Inc.*, 514 N.Y.S.2d 209, 213 (1987).

Plaintiff does not allege any such limitation. His reliance on *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458 (1982), is misplaced. Courts have consistently held that *Weiner* applies only where there is an express written limitation on termination, not where a plaintiff relies on generalized policies, benefits, or expectations. *Cruz v. HSBC Bank, USA, N.A.*, No. CV 12-6088, 2014 WL 950066, at *3 (E.D.N.Y. Mar. 10, 2014). Nor may an employee recast a handbook's anti-discrimination or anti-harassment policies as contractual limits on termination, as such policies do not alter at-will employment or give rise to a breach of contract claim. *Willis v. Verizon N.Y., Inc.*, No. 11-CV-5078, 2012 WL 2370125, at *6 (E.D.N.Y. June 22, 2012). Here, the

[2] Even apart from the incorporated documents, Plaintiff fails to plead an enforceable contract. *See Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015).

documents Plaintiff incorporates by reference expressly confirm at-will employment, and Plaintiff's Opposition does not dispute that language. (Plt's Opp., ECF No. 33, pgs. 4-6.)

Plaintiff's reliance on *Gee v. Becton, Dickinson & Co.*, 84 Misc. 3d 1218(A), 220 N.Y.S.3d 652 (Sup. Ct. Warren Cnty. 2024), is unavailing. *Gee* did not recognize any contractual limitation on at-will employment or permit recovery of termination-related damages under a breach of contract theory. Rather, the court expressly rejected a wrongful termination theory and addressed only whether the plaintiff plausibly alleged nonpayment of discrete, earned benefits already owed during employment, such as shift differentials or allowances. Plaintiff alleges no such underpayment here. Instead, he seeks damages based solely on the loss of future leave and unvested equity. The governing documents expressly disclaim any such rights; thus, Plaintiff cannot allege that approval of his leave or the vesting schedule altered his at-will status or created an entitlement to future benefits. *Reddington v. Staten Island Univ. Hosps.*, 511 F.3d 126, 138 (2d Cir. 2007).

## CONCLUSION

Plaintiff's opposition underscores the fatal defects in the AC. Plaintiff has expressly waived certain claims, failed to plausibly plead his remaining claims under the FMLA and the NYCHRL, and has not alleged facts sufficient to state a breach of contract claim. Dismissal with prejudice is warranted because Plaintiff has already attempted to amend and the defects are incurable.

For the reasons set forth above and in their moving papers, Oscar asks that this Court enter an order dismissing Plaintiff's AC in its entirety, with prejudice, and granting such other and further relief as the Court may deem just and proper.

Dated: May 5, 2026
New York, New York

**LITTLER MENDELSON, P.C.**

By: */s/ Devjani H. Mishra*
Devjani H. Mishra
H. Keith Belfield
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719
dmishra@littler.com
kbelfield@littler.com

*Attorneys for Defendants Oscar Health, Inc., Oscar Management Corp., and Will Dunham*