Littler

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Devjani H. Mishra
212.497.8482 direct
212.583.9600 main
dmishra@littler.com

September 14, 2026

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: David Winder v. Oscar Health, Inc., et al.**, Case No. 25 Civ. 08297 (JMF)

Dear Judge Furman:

We represent Defendants Oscar Health, Inc., Oscar Management Corporation, and Will Dunham (the "Oscar Defendants"). Jackson Lewis P.C. represents Defendant David Byttow. Together, all Defendants respectfully submit this letter in response to Plaintiff's September 10, 2026 letter requesting that the Court direct the parties to conduct a Rule 26(f) conference and begin discovery.

Plaintiff's request should be denied pending resolution of the fully briefed motions to dismiss presently before the Court. As Plaintiff acknowledges, Defendants' motions have been fully submitted for months. Plaintiff opposed the motions on April 28, 2026, and Defendants filed their replies on May 5, 2026.

The motions seek dismissal of the action in its entirety and raise several threshold issues that could substantially narrow, or eliminate altogether, the need for discovery. The Oscar Defendants' motion seeks dismissal of every cause of action asserted in the Amended Complaint and further requests that discovery be stayed pending resolution of that motion. Most notably:

- Defendants seek dismissal of Plaintiff's NYPFL claim, which is barred as a matter of law.
- Defendants seek dismissal of Plaintiff's FMLA claim in its entirety for failure to plead causation or any plausible retaliation claim.
- Defendants seek dismissal of Plaintiff's NYCHRL caregiver-discrimination claim in its entirety based upon Plaintiff's failure to plead discriminatory animus or a valid comparator.
- Defendants seek dismissal of Plaintiff's breach-of-contract claim because the governing employment, equity, and handbook documents foreclose Plaintiff's theory as a matter of law.

In addition, the pending motions challenge the viability of the claims against the individual defendants. The Oscar Defendants have moved to dismiss all claims against Will Dunham for lack

of personal jurisdiction and for failure to state a claim. If this motion is granted, Mr. Dunham will be dismissed from the action entirely. Indeed, in their reply brief, the Oscar Defendants noted that Plaintiff had effectively abandoned all claims against Mr. Dunham, warranting dismissal with prejudice.

Separately, David Byttow, through his counsel, filed a motion joining and incorporating the Oscar Defendants' motion and seeking dismissal of all claims asserted against him. In that motion, Mr. Byttow argues that Plaintiff has failed to plead facts sufficient to establish individual liability under the NYCHRL and has not plausibly alleged that he participated in any discriminatory conduct or termination decision. Thus, there is a very real possibility that one or both individual defendants may no longer remain in the case once the Court rules.

Plaintiff is thus suggesting that the parties engage in Rule 26 disclosures, negotiate custodians and search parameters, and potentially commence document collection and review concerning claims, theories, and parties whose continued presence in the case is the subject of pending dispositive motions. That exercise risks imposing substantial and unnecessary burdens on the parties and would likely result in inefficiencies if the Court grants any aspect of the pending motions.

As the Oscar Defendants explained in their motion papers, a stay is appropriate where a dispositive motion presents substantial grounds for dismissal and where conducting discovery prematurely risks unnecessary expenditures of time and resources. Those considerations are particularly present here because the motions challenge not only the sufficiency of the pleaded claims, but also whether certain claims and defendants belong in the case at all.

Accordingly, all Defendants respectfully request that the Court deny Plaintiff's request to initiate discovery and defer any Rule 26(f) conference, scheduling order, or discovery obligations until after the Court has resolved the pending motions to dismiss.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/Devjani H. Mishra*

Devjani H. Mishra
H. Keith Belfield
*Attorneys for Defendants Oscar Health, Inc., Oscar Management Corporation, & Will Dunham*

JACKSON LEWIS P.C.

*/s/ David S. Greenhaus*

David S. Greenhaus
*Attorneys for Defendant David Byttow*

Cc: All parties via ECF